UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ESTATE OF RAMON SEDILLO, MALLORY
SEDILLO, in her individual capacity, and MALLORY
SEDILLO as guardian for her minor child RAYMOND
RAY SEDILLO,
    Plaintiffs,

vs.                                                                                       No. 1:13-cv-00448-JAP/RHS

FULL SPECTRUM SMOKE SHOP, INC., MATTHEW
BEASLEY, PATRICK PEREA, CITY OF ALBUQUERQUE,
and OFFICER ROBERT SIMMONS, OFFICER PERRY
BRADLEY, and OFFICER VICTOR HERNANDEZ, in
their official and individual capacities,
    Defendants.

**MEMORANDUM OPINION AND ORDER**

On January 14, 2014, Defendants City of Albuquerque, Robert Simmons, Perry Bradley, and Victor Hernandez moved to dismiss Plaintiffs' § 1983 claims. *See* CITY DEFENDANT'S MOTION TO DISMISS § 1983 OFFICIAL CAPACITY CLAIMS, FOURTH AMENDMENT ILLEGAL SEIZURE CLAIM BASED ON LACK OF PERSONAL PARTICIPATION, AND § 1983 AND STATE LAW PUNITIVE DAMAGES CLAIM (Doc. No. 37) (Motion). Plaintiffs have not responded and have thereby consented to the Court's granting the Motion. *See* D.N.M. LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."). Moreover, after reviewing the Motion and the relevant law, the Court finds that Defendant's Motion is well-

founded; Plaintiffs' have failed to state a claim against Officers Simmons, Officer Bradley, or Officer Hernandez[1] for which relief can be granted.

First, Plaintiffs sue Officers Simmons, Bradley, and Hernandez in both their official and individual capacities. Suing a municipal police officer in his official capacity is the same as suing the city itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity . . .). In other words, Plaintiffs' official-capacity claims are identical with Plaintiffs' municipal liability claim, which the Court dismissed with prejudice on January 24, 2014. *See* MEMORANDUM OPINION AND ORDER (Doc. No. 39). In accordance with this prior order, the Court will dismiss Plaintiffs' official-capacity claims against Officers Simmons, Bradley, and Hernandez with prejudice.

Second, Plaintiffs have failed to adequately allege that any of the named, individual officers participated in the alleged constitutional or state law violations. "[T]o present a plausible right to relief . . . . , it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (internal citations omitted). Plaintiffs' allegations are all directed at unidentified APD officers. Plaintiffs allege that "APD Officers executed a search warrant at Ramon Sedillo's residence, held his wife Plaintiff Mallory Sedillo in a cop car for approximately 4 hours against her will and without a basis in law to do so." Complaint for Wrongful Death, Personal Injury, Defamation of Character Loss of Consortium, Negligent Hiring Retention and Training,

---

[1] On September 6, 2013, the Court dismissed the claims against Defendants Full Spectrum Smoke Shop, Inc., Mathew Beasley, and Patrick Perea with prejudice. *See* STIPULATED ORDER GRANTING DEFENDANTS FULL SPECTRUM SMOKE SHOP, INC., MATTHEW BEASLEY AND PATRICK PEREA'S MOTION FOR SUMMARY JUDGMENT BASED ON THE NEW MEXICO CRIME VICTIM'S IMMUNITY ACT AND ORDER OF DISMISSAL WITH PREJUDICE OF ALL CLAIMS AGAINST FULL SPECTRUM DEFENDANTS (Doc. No. 34). On January 24, 2014, the Court dismissed the claims against the City of Albuquerque with prejudice. *See* MEMORANDUM OPINION AND ORDER (Doc. No. 39). At this point, the only remaining Defendants are Officers Simmons, Bradley, and Hernandez.

Ordinary Negligence, Gross Negligence, Violation of 42 USC 1983, False Imprisonment And [sic], Exhibit 1 to NOTICE OF REMOVAL (Doc. No. 1-1) ¶ 19. According to the complaint, "[o]fficers had knowledge that [Mrs. Sedillo's] husband Ramon Sedillo had been killed," but "[o]fficers began taunting [Mrs. Sedillo], asking her the whereabouts of her husband." *Id.* ¶¶ 50-51. Because Plaintiffs fail to allege that Officer Simmons, Bradley, or Hernandez joined in this behavior, observed this behavior, or otherwise participated in this behavior, Plaintiffs have not stated a plausible claim for relief against these Defendants.

IT IS THEREFORE ORDERED THAT:

1. CITY DEFENDANT'S MOTION TO DISMISS § 1983 OFFICIAL CAPACITY CLAIMS, FOURTH AMENDMENT ILLEGAL SEIZURE CLAIM BASED ON LACK OF PERSONAL PARTICIPATION, AND § 1983 AND STATE LAW PUNITIVE DAMAGES CLAIM (Doc. No. 37) is granted;

2. Plaintiffs' official-capacity claims against Defendants Simmons, Bradley, and Hernandez are dismissed with prejudice;

3. Plaintiffs' individual-capacity claims against Defendants Simmons, Bradley, and Hernandez are dismissed without prejudice;

4. Plaintiffs may amend the complaint, consistent with Rule 11(b), by February 21, 2014 to explain how Defendants Simmons, Bradley, or Hernandez participated in the allegedly illegal behavior; and

5. If Plaintiffs do not amend the complaint by February 21, 2014, the Court will dismiss the case with prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE